IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-42121-TJM |
| | ) | |
| IVAN C. TRACY, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on November 19, 2008, regarding Filing No. 10, Objection to Exemptions, filed by John A. Wolf, and Filing No. 16, Resistance, filed by the debtor. William Steffens appeared for the debtor and John Wolf appeared as Chapter 7 trustee.

The debtor is unemployed and receiving disability payments from Social Security, Postal Service and Veterans Administration. In his Chapter 7 bankruptcy, he has claimed $2,400 of equity in a 2005 Jeep Wrangler as exempt under Neb. Rev. Stat. § 25-1556(4). The Chapter 7 trustee has objected to the exemption on the basis that the statute permits exemption of up to $2,400 in tools of the trade which may include one motor vehicle "used by the debtor in connection with his or her principal trade or business or to commute to and from his or her principal place of trade or business." Since the debtor is unemployed, it follows, from the trustee's perspective, that the debtor is not using the vehicle to commute to and from a principal place of trade or business.

On the other hand, the debtor suggests that he is now and has been since the time of his unemployment, actively searching for work. He asserts, in affidavit evidence at Filing #19 and #22, that he believes he is authorized under his disability programs to work at part-time, light duty employment. He has been unemployed since February 1, 2006, the date his Social Security disability started and has looked for work in the geographical area of his residence, including an application at the Wal-Mart stores.

There is no actual evidence that he is permitted under the terms of his disability programs from the various governmental entities to work at all. However, even if those governmental policies did permit part-time light duty work, his exemption for tool of the trade must be denied.

There is case law in this district which authorizes a debtor under similar circumstances to present evidence that his unemployment was temporary and he intended to return to employment, although not employed on the date of the petition. In re Mayfield, 2003 Bankr. Lexis 1525 (Bankr. D. Neb. July 8, 2003). In that case the court stated the general rule that a debtor's entitlement to an exemption is determined on the day the bankruptcy petition is filed. Mueller v. Buckley (In re Mueller), 215 B.R. 1018, 1022 (B.A.P. 8th Cir. 1998). The court also described an exception to the general rule for debtors who intend to resume working. It cited Flick v. United States, ex rel. Farmers Home Admin., 47 B.R. 440 (W.D. Pa. 1985), where the debtor moved to avoid liens on farm implements to the extent of § 522(d)(6) tools of the trade exemption. The secured creditor argued that the debtor was not a farmer as he had sold his livestock and abandoned the farming enterprise pre-petition. The district court noted:

> Although as a general rule a debtor must be engaged in the relevant trade on the date of the bankruptcy petition, a temporary abatement of work in the trade may not be fatal to the claimed exemption for tools of the trade. Courts have upheld the

exemption in the absence of an intentional abandonment of the trade by the debtor.

Flick, 47 B.R. at 443 (internal citations omitted).

The court also noted a similar approach in Maynard Sav. Bank v. Banke (In re Banke), 275 B.R. 317 (Bankr. N.D. Iowa 2002), a case in which the tools of the trade exemption was addressed in the context of avoiding the bank's lien to the extent it impaired the exemption on a boat that the debtor claimed he used in his fishing guide business. The court cited other cases in which the ruling on the exemption was that debtors may be entitled to lien avoidance if they have temporarily ceased their trade or business as of the petition filing date and intend to return to it. A temporary abatement of work in the trade absent intentional abandonment of the trade by the debtor may not be fatal to the lien avoidance.

The Banke court stated:

> In order to determine that debtors are engaged in a trade or business, the Court considers the intensity of debtors' past business, the sincerity of their intentions to continue the business, and whether debtors are legitimately engaged in a business which currently and regularly uses the specific implements exempted on which lien avoidance is sought. The prospects for returning to the business, evidence of the amount of time since debtors had engaged in the trade and any other circumstances affecting the debtors' return to the trade should also be examined. The key factor is the intention of the debtors to resume their business operations.

275 B.R. at 325 (internal citations omitted).

The court in Banke ultimately determined that the boat was not subject to the exemption because the boat was not being used as a tool of the trade on the petition date in April of 2001. Instead, it had been used in the guide boat business in 1989. Since 1989 and up to and including the petition date, the debtors had worked at other employment.

In the Tracy case, Mr. Tracy qualified for Social Security disability benefits on February 1, 2006. He has not been employed since. The evidence is that prior to receiving disability, he worked for the Postal Service. There is no evidence that he is permitted to return to work for the Postal Service or that he intends to work for the Postal Service. As mentioned above, there is no evidence that the governmental policies which have enabled him to receive disability payments would also enable him to continue to receive those payments if he were to work part-time. Although the Nebraska exemption statutes are to be liberally construed, In re Welborne, 63 B.R. 23, 26 (Bankr. D. Neb. 1986); Grassman v. Jensen (In re Estate of Grassman), 183 Neb. 147, 152, 158 N.W.2d 673, 676 (1968); Quigley v. McEvony, 41 Neb. 73, 59 N.W. 767, 769 (1894), they are not to be stretched beyond recognition. The court is sympathetic to the need of the debtor to have a vehicle, but cannot fit his need for a vehicle into the exemption statute.

The trustee has claimed the vehicle as an asset of the estate and, in order to liquidate it to provide funds for distribution, the vehicle will need to be sold, the lien of more than $7,000 paid off, the "wild card" exemption, which has not been objected to, paid to the debtor, and sale expenses and trustee fees, plus trustee attorney fees, will need to be paid. Under those circumstances, perhaps the debtor can make an arrangement with the trustee for the purchase of the equity.

THEREFORE, IT IS ORDERED that the Objection to Exemptions, Filing #10, filed by the trustee, is granted and the claim of exemption is denied.

DATED:    December 12, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
William V. Steffens
*John Wolf
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.